**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| HERMAN HAMPTON, | ) | |
|        Plaintiff, | ) | Civil No. 26-1089 |
|        v. | ) | |
| EVERETTE S. VERHINE, | ) | |
|        Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

I. <u>Introduction</u>

On June 9, 2026, pro se plaintiff Herman Hampton ("Hampton") filed a complaint in this

court against his lawyer, defendant Everette S. Verhine ("Verhine"). The case is assigned Civil

No. 26-1089. In the civil cover sheet, Hampton marked the case as related to the Philips MDL,

Misc. No. 21-1230, over which this member of the court is presiding. On July 7, 2026, Hampton

filed a motion for recusal (ECF No. 8). The motion for recusal will be resolved without a

response from Verhine.

II. <u>Procedural History</u>

Hampton asserts a claim of legal malpractice against Verhine. Hampton alleges that

Verhine committed fraud in connection with the Philips personal injury settlement program.[1]

Hampton marked his case as "related" to the Philips MDL based on his belief that Verhine

represented Hampton in the Philips MDL in this court. Contrary to Hampton's belief, however,

no case was filed on behalf of Hampton in this court. The court notes that over 58,000 persons

---

[1] Hampton alleges that Verhine represented him in a "class action." Although the economic loss claims and medical monitoring claims were resolved by way of class action settlements, the personal injury claims were resolved in a private settlement.

participated in the private personal injury settlement process through a census registry. *See* ECF No. 3333 at 5 (explaining creation of the census registry). Verhine did not enter an appearance in this court. To repeat, there have been no proceedings involving either Hampton or Verhine in this court.

In connection with his complaint, Hampton filed a motion for service by the US Marshal (ECF No. 2). The court issued an opinion and order denying the motion without prejudice, for the reasons set forth in the opinion (ECF Nos. 5, 6).

The motion to recuse followed. In the motion, Hampton states that this member of the court should "step down" from his case (ECF No. 8 at 1). Hampton feels this member of the court would not be fair because "by you being a Judge you know Attorney Scott Verhine not have a license or jurisdiction in your courtroom representing 700 case is a serious offense [sic]." (ECF No. 8 at 4). Hampton also objected to this court's denial of his motion for service. *Id.*

III. <u>Discussion</u>

A. Recusal

Hampton did not cite any authority for his recusal motion. There are two statutory provisions that may serve as a basis for recusal, 28 U.S.C. §§ 144 and 455(a). *See United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982) (describing the two statutes as "overlapping provisions" that provide the grounds for disqualification).

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Section 455(a) provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

"The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004); *see In re Prudential Ins. Co. of Am. Sales Practice Litig., Agent Actions*, 148 F.3d 283, 343 (3d Cir. 1998) ("The test is whether a reasonable person, knowing all of the circumstances of record, would harbor doubts about the judge's impartiality.").

In the absence of proof that a person would reasonably question the judge's impartiality, a judge "has an affirmative duty not to recuse [her]self." *Dean v. Philadelphia Gas Works*, No. CV 19-04266, 2020 WL 7695751, at *6 (E.D. Pa. Dec. 28, 2020) (quoting *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 872 F. Supp. 1346, 1349 (E.D. Pa. 1994)).  As explained in *Hardy v. Shaikh*:

> In assessing recusal requests, courts must remain mindful that, in the hands of some unscrupulous advocates, a recusal motion may simply be a calculated tactical tool designed to avoid or overturn the result which the law dictates in a case. Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458, 462-64 (M.D. Pa. 2007).

*Hardy*, 2021 WL 5937664, at *2.

3

An allegation of bias meriting recusal "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) ("beliefs or opinions which merit recusal must involve an extrajudicial factor") (citation omitted).  As explained in *Hardy v. Shaikh*, No. 1:18-CV-01707, 2021 WL 5937664 (M.D. Pa. Dec. 16, 2021):

> 'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980); *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case."); *United States v. Gilboy*, 162 F. Supp. 384, 393–94 (M.D. Pa. 1958) (alleged bias must be personal and extrajudicial, not arising solely on the basis of court proceedings).

*Id.* at *2.

A judge need not explain how she performed her duties.  As explained in *United States v. Roebuck*, 271 F. Supp. 2d 712 (D.V.I. 2003):

> The overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated [her] in the performance of [her] official duties. *United States v. Morgan*, 313 U.S. 409, 422, 61 S. . 999, 85 L. Ed. 1429 (1941); *Fayerweather v. Ritch*, 195 U.S. 276, 306–07, 25 S. Ct. 58, 49 L. Ed. 193 (1904); *Grant v. Shalala*, 989 F.2d 1332, 1344–45 (3d Cir. 1993); *see also Robinson v. Commissioner of Internal Revenue*, 70 F.3d 34, 38 (5th Cir. 1995); *United States v. Edwards*, 39 F. Supp.2d 692 (M.D. La. 1999). "[J]udges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed." *United States v. Cross*, 516 F. Supp. 700, 707 (M.D. Ga. 1981), aff'd, 742 F.2d 1279 (11th Cir. 1984). Further, only in the most extraordinary of cases, such as a strong showing of bad faith or improper behavior by a judge or quasi-judicial officer or where circumstances were such to overcome the presumption of regularity as to the acts of the decision maker, may a judge be questioned as to matters within the scope of [her] adjudicative duties.

*Id.* at 718.

In this case, Hampton does not point to any extrajudicial source of bias or prejudice. He complains only about two decisions made by the court in the course of its judicial duties. Hampton's first ground for recusal alleges that this court knew (and apparently condoned) that Verhine was practicing law in this court without authorization. That ground for recusal is demonstrably wrong as a matter of fact. The court's electronic filing system reflects: (1) Verhine did not enter his appearance in the United States District Court for the Western District of Pennsylvania; and (2) no case was filed on behalf of Hampton in this court. Hampton's second ground for recusal is based on the court's denial (without prejudice) of his motion for service of the complaint by the US Marshal.

The court's decisions, as a matter of law, do not warrant recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal"). In sum, a reasonable person with knowledge of all the facts would not question this court's impartiality. Hampton's request for recusal will be denied.

B.  Improper Marking of Related Case

Local Rule 40 governs the filing of related cases. Local Rule 40(D)(2) provides: "civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action, or involves the validity or infringement of a patent involved in another action." Local Rule 40(E) provides, in relevant part, that a judge "may reject the assignment [of a case marked related by a party] if the Judge determines that the cases are not related or the assignment does not otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the

action."

The court finds that Civil No. 26-1089 is not related to the Philips MDL, Misc. No. 21-1230. There are no common issues of fact or law, other than the happenstance that the alleged legal malpractice occurred in connection with a private settlement in the MDL. Assignment of Civil No. 26-1089 would not "promote the convenience of the parties or witnesses or the just and efficient conduct of the action." To the contrary, attempting to manage Civil No. 26-1089 within the Philips MDL would implicate numerous unnecessary activities, such as compliance with the Docket Management Order, and coordination with the plaintiffs' leadership team and counsel for Philips, all of which would frustrate the just, speedy and inexpensive determination of Civil No. 26-1089. *See* Federal Rule of Civil Procedure 1.

The court, therefore, rejects the assignment of Civil No. 26-1089 as related to the Philips MDL. The court directs that Civil No. 26-1089 be marked as unrelated and be randomly reassigned to another member of the court.

Conclusion

For the reasons set forth above, Hampton's motion for recusal (ECF No. 8) will be DENIED. The court rejects the assignment of Civil No. 26-1089 as related to the Philips MDL and directs that Civil No. 26-1089 be marked as unrelated and be randomly reassigned to another member of the court.

An appropriate order follows.

Dated: July 28, 2026                           /s/ Joy Flowers Conti

                                               Joy Flowers Conti
                                               Senior United States District Judge

6